UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

 Plaintiff,

v.

ABDO MOHAMED WASEL,

 Defendant.

Case No. 17-12296
Honorable Laurie J. Michelson

---

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [19]**

---

 Abdo Mohamed Wasel moved from Yemen to the United States nearly thirty years ago. He obtained a visa because he averred that he was the son of Mohamed Yahia Hassan, a United States citizen. Wasel later became a naturalized citizen. A DNA test conducted in 2016 revealed that Wasel is not the biological son of Hassan. And Hassan wrote in a statement to investigators that he has no legal adoption papers for Wasel. But he also stated that he acted as Wasel's father figure and that he never told Wasel that he was not his biological father. In 2017, the United States filed the current action to denaturalize Wasel.

 The United States now moves for summary judgment. (ECF No. 19.) For the reasons explained below, the Court will deny this motion.

**I.**

 Abdo Wasel, formerly Mohamed Yahia Hassan Al-Gassab, was born in Yemen in 1965. (ECF No. 19-3, PageID.145; ECF No. 19-3, PageID.172.) He moved to the United States in 1990. (ECF No. 19-3, PageID.181.) On his visa application, Wasel listed Mohamed Yahia Hassan as his father and Fatima Ali Bin Ali as his mother. (ECF No. 19-3, PageID.183.) He applied for and was

granted a visa based on his representation that he was the unmarried son of Hassan, a United States citizen. (ECF No. 19-3, PageID.181.) Wasel attached to his visa application a document from the Yemen Arab Republic Ministry of Justice stating that Hassan and Bin Ali were Wasel's parents. (ECF No. 19-3, PageID.190–191.) This determination was made by gathering people in Wasel's village and hearing from witnesses who confirmed Wasel's parentage. (*Id*.)

In 2015, Wasel went to the Detroit Passport Agency and encountered two special agents. (ECF No. 19-4, PageID.216–217.) The special agents requested, and Wasel voluntarily provided, a DNA sample. (*Id*.) The same was obtained from Hassan. (ECF No. 19-6, PageID.222–223.) DNA testing revealed that Hassan "is excluded as the possible biological parent" of Wasel. (ECF No. 1, PageID.20.)

As part of the investigation into Wasel's parentage, Hassan made a statement to the government. (ECF No. 1, PageID.23.) He said he had seven biological children, three "official adoption" children, and one "not officially adopted" child—Wasel. (ECF No. 1, PageID.23.) He further stated,

> I adopted [Wasel], and acted as a father figure, but I have no legal adoption paper. I am not his biological father, and I did not tell him until the investigator told me that [Wasel] was under investigation.

(ECF No. 1, PageID.23.)

After being informed of the DNA results, Wasel still insists on his parentage and considers Hassan and Bin Ali as his adoptive parents because they were the ones who provided for him since he was an infant and "had all legal rights and obligations over him as a child." (ECF No. 19-3, PageID.210.)

## II.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When a party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party's initial summary-judgment burden is to "lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015); *accord Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012) ("In cases where the party moving for summary judgment also bears the burden of persuasion at trial, the party's initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it" (internal quotation marks omitted)); Charles Alan Wright, et al., 10A Fed. Prac. & Proc. § 2727.1 (4th ed.). If the United States carries its initial burden, then Wasel "must come forward with specific facts showing that there is a genuine issue for trial." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must view the evidence and all reasonable inferences in the light most favorable to Wasel. *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

## III.

The government's summary-judgment motion is based on 8 U.S.C. § 1451(a). Under that statute, if a naturalized citizen either "illegally procured" his citizenship or procured his citizenship "by concealment of a material fact or by willful misrepresentation," the government can revoke

3

his citizenship. 8 U.S.C. § 1451(a). Although the government's complaint asserts Wasel did both, it only seeks summary judgment based upon "illegal procurement." (ECF Nos. 1, 19.)

Wasel applied for and obtained his visa as an unmarried son of a United States citizen. (ECF No. 19-9, PageID.231; 8 U.S.C. § 1153(a)(1) (1990); 8 C.F.R. § 42.11(c) (1990).) "It is well established that naturalized citizenship is 'illegally procured' if the applicant failed to comply strictly with any of the 'congressionally imposed prerequisites to the acquisition of citizenship.'" *United States v. Georgieff*, 100 F. Supp. 3d 15, 18 (D.D.C. 2015) (quoting *Fedorenko v. United States*, 449 U.S. 490, 506 (1981)). "One such statutory prerequisite is that the applicant was 'lawfully admitted to the United States for permanent residence.'" *Id*. at 18–19 (quoting 8 U.S.C. § 1429). "The question of whether an alien was lawfully admitted is answered, not by the law at the time of naturalization, but by the law at the time of entry." *United States v. Dailide*, 316 F.3d 611, 619 (6th Cir. 2003) (citing *Fedorenko*, 449 U.S. at 514–15); *see also Fedorenko*, 449 U.S. at 514–15 (referring to the statute "[a]t the time of petitioner's initial entry into this country").

The United States argues that it is entitled to summary judgment because there is no issue of material fact: Hassan is not Wasel's father. And when Wasel entered the country, he obtained his visa based upon a representation that Hassan was his father. So Wasel was not lawfully admitted into the United States. And because he was not lawfully admitted into the United States, his citizenship was obtained illegally.

But the United States skips an important step. Even assuming Wasel is not Hassan's biological or "legally adopted" son (and assuming Hassan's use of that term in his statement is the same as the government's), the government fails to explain why those two facts would be legally determinative. The United States does not provide the Court with the legal definition of "son," or "child" more broadly, that the government would have applied in 1990 to determine whether Wasel

4

was eligible for his visa. Without that, the Court cannot determine whether the facts surrounding Wasel's relationship with Hassan would or would not have met that definition. And thus, the Court cannot determine whether Wasel "illegally procured" his citizenship under 8 U.S.C. § 1451(a).

Because the United States has not shown that Wasel is not Hassan's "child," it has not discharged its summary judgment burden. The Court makes no findings as to the remainder of the government's argument.

### IV.

For the foregoing reasons, the Court will DENY Plaintiff's motion for summary judgment.[1]

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: March 20, 2019


### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 20, 2019.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson

---

[1] Defendant's motion for leave to file sur-reply is DENIED (ECF No. 25). *See Nolan LLC v. TDC Int'l Corp.*, 06–14907, 2009 WL 1583893 (E.D. Mich. June 5, 2009) ("[T]he decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." (quoting *Flynn v. Veazey Construction Corp.*, 310 F.Supp.2d 186, 189 (D.D.C.2004))).