UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ABDO MOHAMED WASEL,

    Defendant.

Case No. 2:17-cv-12296
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING MOTION TO DISMISS [33]**

More than 20 years after Abdo Mohamed Wasel became a naturalized United States citizen, the U.S. government filed this civil denaturalization action against him, alleging that he had illegally procured naturalization in violation of 8 U.S.C. § 1451(a). Wasel now brings a motion to dismiss the complaint for violation of the statute of limitations. For the reasons that follow, the motion is denied.

Wasel argues that this civil denaturalization action is subject to a five-year statute of limitations per 28 U.S.C. § 2462. That statutory provision imposes a five-year statute of limitations on any action by the government seeking to impose a civil penalty, except as otherwise provided by Congress. Wasel argues that civil denaturalization should be considered a penalty in light of the Supreme Court's recent discussion of what constitutes a civil penalty in *Gabelli v. SEC*, 568 U.S. 442 (2013), and *Kokesh v. SEC*, 137 S.Ct. 1635 (2017). In these cases, the Supreme Court found that § 2462 applies when the SEC seeks a statutory monetary penalty or disgorgement. *See Kokesh*, 137 S.Ct. at 1645; *Gabelli*, 568 U.S. at 454.

But the Supreme Court has explicitly held that "Congress has not enacted a time bar applicable to proceedings to revoke citizenship procured by fraud." *Costello v. United States*, 365

U.S. 265, 283 (1961). The Supreme Court's discussion of monetary penalties in the context of SEC enforcement actions in *Gabelli* and *Kokesh* cannot overrule longstanding precedent solely by implication.

It is true that the Supreme Court and Sixth Court have often pointed out the severe consequences of denaturalization. *See Klapprott v. United* States, 335 U.S. 601, 611 (1949) ("[D]enaturalization consequences may be more grave than consequences that flow from conviction for crimes."); *Padilla v. Kentucky*, 559 U.S. 356, 365 (2010) ("We have long recognized that deportation is a particularly severe 'penalty.'"); *United States v. Ataya*, 884 F.3d 318, 325 (6th Cir. 2018) ("The consequences of denaturalization are 'more serious than a taking of one's property, or the imposition of a fine or other penalty.'" (quoting *Schneiderman v. United States*, 320 U.S. 118, 122 (1943))). In recognition of this fact, the Supreme Court has imposed a higher burden of proof in civil denaturalization cases. *See Klapprott*, 335 U.S. at 612 (holding that the burden required for denaturalization "is substantially identical with the burden in criminal cases."). But despite this acknowledgement, the Supreme Court has stated that denaturalization is not punitive. *Trop v. Dulles*, 356 U.S. 86, 98 (1958) ("Denaturalization is not imposed to penalize the alien for having falsified his application for citizenship."); *see also United States v. Li*, 619 F. App'x 298, 303 (5th Cir. 2015) ("Because the denaturalization action is not punitive, the limitations period in § 2462 is inapplicable to [defendant's] case."); *United States v. Rebelo*, 394 F. App'x 850, 853 (3d Cir. 2010) (holding "that the catch-all statute of limitations of 28 U.S.C. § 2462—like its predecessor—does not apply to denaturalization proceedings brought pursuant to 8 U.S.C. § 1451(a)"). If the Supreme Court wishes to extend the reasoning of *Kokesh* to find that civil denaturalization is a penalty, it must do so explicitly.

Indeed, Wasel cannot point to any federal case law supporting his position. Conversely, it appears that every court that has considered whether the § 2462 statute of limitations applies to civil denaturalization (both before and after *Gabelli* and *Kokesh*) has rejected the argument. *See, e.g.*, *United States v. Demjanjuk*, 367 F.3d 623 (6th Cir. 2004) (allowing denaturalization proceedings 41 years after naturalization); *United States v. Becker*, No. 18-2049, 2019 WL 6167396, at *5 (C.D. Cal. June 20, 2019) ("Although Defendant makes a creative argument that the reasoning in *Kokesh* should be expanded to apply in this context, the Court does not find support in any federal case law for such a holding."); *United States v. Borgono*, No. 18-cv-21835, 2019 WL 1755709, at *5 (S.D. Fla. Apr. 18, 2019) (finding "there is simply no legal support for the application of § 2462's limitations period" to an action for civil revocation of naturalization). (*See also* ECF No. 34, PageID.404–406 (for full listing of cases)). And Wasel's moral and policy arguments do not permit the Court to ignore Supreme Court precedent that has not been explicitly abrogated or overturned.

The Court will not break from decades of precedent finding that no statute of limitations applies to civil denaturalization, nor will it disagree with every court to have considered the argument Wasel presents, solely based on his expansive reading of the Court's narrow holding in *Kokesh*. The motion to dismiss is denied.

SO ORDERED.

Dated: August 10, 2020

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE

4