UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ABDO MOHAMED WASEL,

    Defendant.

Case No. 17-12296
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL [47]**

Abdo Mohamed Wasel, a native of Yemen, has been a naturalized U.S. citizen for over 25 years. In 2017, the Government filed a civil denaturalization complaint against Wasel, alleging he illegally procured citizenship by fraud or willful misrepresentation and that he lacked a valid immigrant visa. Wasel filed a motion to dismiss, arguing that the complaint was untimely. The Court denied the motion in August 2020. *United States v. Wasel*, No. 2:17-CV-12296, 2020 WL 4584168 (E.D. Mich. Aug. 10, 2020) (ECF No. 43). Wasel seeks to appeal the Court's order denying the motion to dismiss and moves the Court to certify the order for an interlocutory appeal. (ECF No. 47.)

**I.**

Wasel must get the Court's approval to file an appeal of the Court's order denying the motion to dismiss because it is neither a "final decision" under 28 U.S.C. § 1291 nor an order for which Congress has specifically authorized an interlocutory appeal, such as an order granting, denying, or modifying an injunction, under 28 U.S.C. § 1292(a). The Court has discretion to allow an interlocutory appeal of an order not otherwise appealable when (1) the order involves a

"controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

## II.

The parties agree that the Court's order involves a controlling question of law: whether the five-year statute of limitations under 28 U.S.C. § 2462 applies to civil denaturalization. If it does apply, the Government would be time-barred from pursuing this action.

The main disagreement between the parties is whether there is a substantial ground for difference of opinion on the statute-of-limitations question.

Courts in this district have found that a substantial ground for difference of opinion exists "when: (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *City of Dearborn v. Comcast of Michigan III, Inc.*, 2008 WL 5084203, at *3 (E.D. Mich.2008); *see also Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876–77 (E.D. Mich. 2012).

None of these scenarios are present in this case. As the Court noted in its order denying the motion to dismiss, "the Supreme Court has explicitly held that 'Congress has not enacted a time bar applicable to proceedings to revoke citizenship procured by fraud.'" *Wasel*, 2020 WL 4584168, at *2 (quoting *Costello v. United States*, 365 U.S. 265, 283 (1961) (ECF No. 43, PageID.468). And the Court rejected Wasel's argument that two recent Supreme Court opinions applying § 2462 to

2

SEC enforcement actions could overrule this longstanding precedent by implication. (*Id.* at PageID.469.)

Wasel argues that the Sixth Circuit has not decided the precise question at issue here. It is true that the Sixth Circuit has not addressed whether *Gabelli v. SEC*, 568 U.S. 442 (2013), and *Kokesh v. SEC*, 137 S.Ct. 1635 (2017) (finding the five year limitations period applicable to certain SEC civil proceedings), change the Supreme Court's holding that there is no statute of limitations for denaturalization. But there is no indication that the Sixth Circuit would reach such a conclusion without further guidance from the Supreme Court. And Wasel has been unable to provide a single federal case supporting his position. As the Court previously stated: "Conversely, it appears that every court that has considered whether the § 2462 statute of limitations applies to civil denaturalization (both before and after *Gabelli* and *Kokesh*) has rejected the argument." *Wasel*, 2020 WL 4584168, at *2 (citing cases) (ECF No. 43, PageID.470). And the only circuit court that has addressed Wasel's argument, the Ninth Circuit, held that *Kokesh* does not alter the Supreme Court's position that § 2462 does not apply to civil denaturalization. *United States v. Phattey*, 943 F.3d 1277, 1282–83 (9th Cir. 2019). So it cannot be said that this is a difficult or novel question.

As stated above, Wasel has not presented, and the Court has not found, a single case that supports his position that *Gabelli* and *Kokesh* alter longstanding precedent. So there is no indication of a difference of opinion within the Sixth Circuit on the question of whether § 2462 applies to denaturalization.

Moreover, there is no circuit split on the issue. In addition to the Ninth Circuit, the Third and Fifth Circuits have also held that § 2462 does not apply to denaturalization. *See United States v. Li*, 619 F. App'x 298, 303 (5th Cir. 2015) (analyzing 28 U.S.C. § 2462); *United States v. Rebelo*, 394 F. App'x 850, 853 (3d Cir. 2010) (same).

So Wasel fails to establish that there is substantial ground for difference of opinion concerning the question of whether § 2462 applies to civil denaturalization.

### III.

For the reasons stated above, Wasel's motion to certify the Court's order denying his motion to dismiss for an interlocutory appeal (ECF No. 47) is DENIED.

SO ORDERED.

Dated: March 17, 2021

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE