UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ABDO MOHAMED WASEL,

    Defendant.

Case No. 17-12296
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO AMEND COMPLAINT [52]**

---

Abdo Mohamed Wasel, a native of Yemen, has been a naturalized U.S. citizen for over 25 years. In 2017, the Government filed a civil denaturalization complaint against Wasel, alleging he illegally procured citizenship by fraud or willful misrepresentation and that he lacked a valid immigrant visa. The case is now over three-and-a-half years old and has survived both a motion for summary judgment and a motion to dismiss. The Court also recently denied Wasel's motion to certify the case for interlocutory appeal, so the case is ready for trial. But the Government now asks the Court to allow it to amend its complaint and reopen discovery for 90 days because of "newly discovered evidence" the Government believes justifies two additional causes of action.

To amend the complaint at this stage without the stipulation of Wasel, the Government must get the Court's leave under Federal Rule of Civil Procedure 15(a)(2). The rule provides that leave should be freely given "when justice so requires." *Id.* The determination of when "justice so requires" is "left to the sound discretion of the trial judge." *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990). A number of factors inform this Court's exercise of discretion: (1) the moving party's "[u]ndue delay in filing [its motion for leave]," (2) "lack of

notice to the opposing party," (3) "bad faith by the moving party," (4) "repeated failure to cure deficiencies by previous amendments," (5) "undue prejudice to the opposing party," and (6) "futility of amendment." *Robinson*, 918 F.2d at 591; *Foman v. Davis*, 371 U.S. 178, 182 (1962). A finding of prejudice is key. Under Sixth Circuit precedent, "[t]o deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)).

In this case, it is clear that the amendment the Government proposes would cause significant prejudice to Wasel. First, this case is over three and a half years old and in a very advanced stage of litigation. Discovery closed in April 2018. (ECF No. 12.) Summary judgment was denied in March 2010. (ECF No. 27.) A bench trial was initially scheduled for January 2020 but was delayed after Wasel filed a motion to dismiss. (ECF Nos. 30, 33, 39.) The Court denied the motion to dismiss (ECF No. 43) and a motion to certify that order for appeal (ECF No. 54). So this case is now ready for trial.

It is apparent that allowing the Government to amend its complaint to add two new causes of action and to reopen discovery would significantly further delay this case and would likely result in additional motion practice. And Wasel would also be prejudiced by having to expend the time and resources to defend against two additional charges.

The Sixth Circuit routinely affirms a district court's decision to deny leave to amend when litigation is at an advanced stage and the plaintiff seeks to add new claims. *See, e.g.*, *Duggins v. Steak*, 195 F.3d at 834–35 ("At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree."); *Frazier v. Mitchell*, 75 F. App'x 498, 501 (6th Cir. 2003) ("No abuse of discretion is demonstrated here,

because defendants would have been prejudiced by prolonging the proceedings, and Frazier was not prejudiced, as he retained the ability to file a separate complaint setting forth his new allegations."); *Lyle v. Jackson*, 49 F. App'x 492, 495 (6th Cir. 2002) (same).

Additionally, in evaluating the possible reasons for this late request to amend, the Court notes its discomfort with the fact that the Government seeks to add counts against Wasel because of an investigation it decided to undertake only after Wasel advised the Government he might be eligible to obtain lawful permanent resident status through one of his children. (ECF No. 52, PageID.496.) Wasel shared this information with the Government in the context of informal settlement discussions. The Government admits that "[i]t was only following Defendant's August 2020 reference to his children as a potential alternative means of lawfully adjusting his immigration status that the government requested and reviewed the alien files of Defendant's spouse and children and therein discovered this new evidence in the alien files of Fatimah and Omar." (ECF No. 52, PageID.501.) Although the Government would have had access to the alien files regardless, the fact that the Government initiated this investigation based on information Wasel provided during status conferences discussing the potential for resolution calls into question the good faith nature of the proposed amendment.

Finally, these facts also suggest that the Government unduly delayed in attempting to add new causes of action against Wasel. The Government argues that these new counts are based on "newly discovered evidence." But its brief contradicts this claim. There, the Government reveals that it had access to this "newly discovered evidence" all along, but originally chose to focus on Wasel's relationship with his father and so chose not to conduct discovery regarding Wasel's other family members. (ECF No. 52, PageID.502.) The fact that the Government chose to focus its

investigation on one line of inquiry does not provide justification for amending the complaint to allow additional causes of action at such a late stage of litigation.

Thus, the Court, in its discretion, DENIES the Government's motion for leave to amend complaint (ECF No. 52) considering its undue delay, concerns about good faith, and the undue prejudice to Wasel that would be caused by the proposed amendment.

This case is now ready for trial and the Court will issue a trial scheduling order in due course. As this is a bench trial, the Court is prepared to conduct it by videoconference if necessary.

SO ORDERED.

Dated: March 17, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE